**UNITED STATES**
**COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, NW
Washington, DC 20581

**Office of the**
**General Counsel**
Cameron Sinsheimer
Counselor
csinsheimer@cftc.gov
(646) 746-3928

September 18, 2026

**Via ECF**
The Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

***Re:*** *United States v. Spagnuolo* (Case No. 26-cr-00278 (AT))
*Letter Notice of Non-Party Commodity Futures Trading Commission Amicus Brief*

Dear Judge Torres:

I write as counsel for the Commodity Futures Trading Commission ("CFTC" or "Commission") to notify the Court of the CFTC's intention to file an amicus brief in support of the United States of America's response opposing the Defendant's motion to dismiss the indictment in the above-referenced action, and to respectfully request the Court's permission to do so. A copy of the CFTC's amicus brief is attached hereto as Exhibit A.

The Commission is the federal agency charged with administering and enforcing the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1–26. The CEA and the CFTC's rules provide the regulatory framework for the trading of commodity derivatives, including "swaps," in the United States.

Defendant Michele Spagnuolo moves to dismiss the CEA charge against him on the ground that event contracts are not "swaps" subject to the CEA. Spagnuolo also maintains that the CEA's anti-fraud provision cannot constitutionally apply to his conduct. Both contentions are wrong.

Congress's definition of "swap" easily encompasses Spagnuolo's event contracts, and that result is amply reinforced by the CEA's broader context. Spagnuolo's distortion of the CEA's text, if accepted, would undermine the Commission's jurisdiction over a huge range of event

contracts whose notional volume totals into the tens of billions of dollars. Moreover, Spagnuolo had clear notice that event contracts are "swaps" based on the CEA's text, the Commission's regulatory actions, and a prior enforcement action against the specific platform on which he traded.[1]

To further explain these issues, the CFTC intends to file this amicus brief, and requests leave to do so. The CFTC has a substantial interest in how the Court addresses these issues because the CFTC is the federal agency tasked with regulating the commodity derivatives markets in the United States, including those where event contract swaps are listed and traded.

The Local Rules for this Court do not provide the procedure for or address the propriety of amicus briefs. That said, many district courts look to Fed. R. App. P. 29 for guidance. *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. and N.J.*, No. 11 Civ. 6746(RJH), 2011 WL 5865296, at *1 n.1 (S.D.N.Y. Nov. 22, 2011). Under that rule, the CFTC's amicus brief is timely ("[n]o later than 7 days after the principal brief of the party being supported is filed") and would otherwise comply with the Federal rule. Rule 29(a) allows the "United States or its officer or agency … [to] file an amicus brief without the consent of the parties or leave of court." Fed. R. App. P. 29.

In addition, "it is well-settled in this District that '[r]esolution of a motion for leave to file an *amicus* brief … lies in the 'firm discretion' of the district court.'" *United States v. Van Dyke*, No. 26-cr-156 (MMG) (S.D.N.Y. Aug. 24, 2026), Dkt. No. 30, at 1 (quoting *C & A Carbone, Inc. v. Cnty. of Rockland*, No. 08-cv-6459-ER, 2014 WL 1202699, at *3 (S.D.N.Y. Mar. 24, 2014)).

In *Van Dyke*, the court granted "the CFTC's request for leave to file [an] *amicus* brief," because the "question of whether the event contracts charged in the Indictment constitute 'swaps' … is a key legal issue in this case," and "the CFTC's regulatory perspective on this question has the potential to aid the Court and 'offer insights not available from the parties.'" *Id.* (quoting *Women for Am. First v. De Blasio*, No. 20-cv-05746 (LGS), 2020 WL 4904057, at *1-2 (S.D.N.Y. Aug. 18, 2020)).

The same is true in this case, which involves insider trading in event contracts based on different underliers than those in *Van Dyke*. *See also Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12 CIV. 7935 ALC, 2014 WL 265784, at *2 (S.D.N.Y. Jan. 23, 2014) ("An *amicus* brief should normally be allowed when … the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties

[1] Spagnuolo also argues that the CEA charge is impermissibly extraterritorial. However, because the Government has already ably briefed this issue, Dkt. No. 48, at 31-39, the Commission's intended amicus brief does not address extraterritoriality. *See Young Advocates for Fair Education v. Cuomo*, 2018 WL 10561496, at *1 (E.D.N.Y. Oct. 30, 2018) ("Amicus briefs which do no more than repeat the arguments made in the briefs of the litigants are no friends of the court and requests to file them should be denied.").

are able to provide.") (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)); *Auto. Club of N.Y., Inc.*, 2011 WL 5865296, at *1 ("The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties."); *SEC v. Ripple Labs, Inc.*, No. 20-cv-10832-AT, 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021) ("Movants … may stress different arguments" and therefore "will provide the Court with a meaningful perspective").

For the foregoing reasons, the CFTC notifies the Court of the CFTC's intention to file the amicus brief attached hereto as Exhibit A, and respectfully requests the Court's permission to do so. The CFTC appreciates the Court's attention to this matter.

Sincerely,

*/s/ Cameron Sinsheimer*

**Cameron Sinsheimer**
Counselor
Office of the General Counsel

Commodity Futures Trading Commission

cc: Counsel of record via ECF