USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/24/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

MICHELE SPAGNUOLO
a/k/a "AlphaRaccoon"

Defendant.

26 Cr. 278 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The Government moves to adjourn *sine die* the suppression hearing and oral argument scheduled for December 21, 2026, *see* Gov't Letter Mot., ECF No. 67, following its appeal of the Court's October 23, 2026 order granting in part Defendant, Michele Spagnuolo's, motion to suppress, *see* Gov't Notice of Appeal, ECF No. 65; Suppression Order, ECF No. 57. For the reasons stated below, the Government's request to adjourn the suppression hearing *sine die* is GRANTED, but the request to adjourn oral argument is DENIED.

Absent narrow exceptions not relevant here, "[t]he filing of a timely and sufficient notice of appeal divests the district court of jurisdiction as to any matters involved in the appeal or as to the matters covered by the notice." *New York v. U.S. Dep't of Homeland Sec.*, 974 F.3d 210, 215 (2d Cir. 2020) (internal quotation marks and citation omitted). Even assuming Spagnuolo is correct that judicial economy alone can support retaining jurisdiction, *see* Def. Letter at 2, ECF No. 66, holding a suppression hearing addressing the fruits of his post-arrest statements while the unlawfulness of obtaining those statements is on appeal would not be an efficient use of the Court's time. *See Gainer v. United Auto. Aerospace Agric. Implement Workers (UAW) Region 9*, No. 08 Civ. 501, 2019 WL 4385751, at *2 (W.D.N.Y. Sept. 13, 2019) ("[I]t is not in the interests of judicial economy for this Court to assess . . . arguments that may in fact be moot.").

Oral argument concerning Spagnuolo's motion to dismiss will, however, proceed as scheduled. As the Government concedes, the oral argument "does not present the same concerns as the suppression hearing itself." Gov't Letter Mot. at 3. Spagnuolo's motion to dismiss raises issues that are neither intertwined with nor dependent on the suppression issues on appeal. *See Motorola Credit Corp. v. Uzan*, 282 F. Supp. 2d 133, 135 n.2 (S.D.N.Y. 2003) (holding that because the "determination that defendants are presently appealing" was "irrelevant to the instant motion," the Court "retain[ed] jurisdiction" to hear the motion). The Government nonetheless advocates for delay because new precedent relevant to the novel legal issues raised in Spagnuolo's motion to dismiss may develop while the suppression appeal is pending. *See* Gov't Letter Mot. at 3. But resolution of the motion to dismiss could resolve the case independent of the suppression issues, *see* Def. Letter at 2, and the possibility of doctrinal development does not justify delaying a criminal matter over the defendant's opposition, *see Bryant v. Buffalo Exch., Ltd.*, No. 23 Civ. 8286, 2024 WL 3675948, at *6 (S.D.N.Y. Aug. 6, 2024) (declining to "delay litigation for a decision that may never come"); *United States v. Berry*, No. 00 Cr. 89, 2001 WL

243491, at *2 (D. Me. Mar. 12, 2001) ("[I]t is not customary for this Court to delay proceedings because of the possibility that another case's outcome may impact the state of the law.").

## CONCLUSION

The suppression hearing scheduled for December 21, 2026 is ADJOURNED *sine die*. Oral argument on Spagnuolo's motion to dismiss will proceed as scheduled on **December 21, 2026**, at **10:00 a.m.** in **Courtroom 15D** of the United States Courthouse, 500 Pearl Street, New York, New York, 10007.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 67.

SO ORDERED.

Dated: November 24, 2026
New York, New York

ANALISA TORRES
United States District Judge